(31 Misc. Rep. 333.)

## ALSHEIMER v. BOON.

(Supreme Court, Special Term, Onondaga County. April, 1900.)

1. NEW TRIAL.—EVIDENCE—COMPETENCY—MAPS—CANAL LANDS—MOTIONS.

Upon the hearing of a motion to set aside a verdict found in favor of plaintiff, under the direction of the court, in an action to recover lands formerly forming part of the Chenango Canal lands, plaintiff may produce in support of the verdict the certificate of the comptroller that he had compared the annexed certificate attached to the map of the Chenango canal with the one on file in his department, which had been introduced in evidence, and that the same was a correct transcript thereof.

2. DOCUMENTARY EVIDENCE.

Under Rev. St. c. 9, tit. 9, art. 1, providing for the making of maps of canals and of all adjacent lands belonging to the state, and that the same shall be submitted to the canal board for its approbation, and, when so approved, shall be signed by the canal commissioners, be certified by them as correct, and be filed in the office of the comptroller; and under Laws 1873, c. 451, § 6, making such maps, when so made, approved, signed, and certified, presumptive evidence that the lands indicated thereon as belonging to the state have been taken and appropriated by the state for canals, and providing that a transcript from any such maps shall be of equal effect with the original,—a copy of a part of a map of the Chenango Canal, which is certified by the comptroller to be a correct transcript of the original, and which shows a resolution of the canal board approving the map, which resolution is signed by the canal commissioners and by the commissioners of the canal fund, but having no separate certificate of the canal commissioners, is competent evidence in an action to recover lands the fee of which was taken by the state for the Chenango Canal.

Action by Andrew Alsheimer against George Boon to recover possession of certain real estate. There was a verdict for plaintiff, and defendant moved to set the same aside on the minutes. Motion overruled.

S. J. Barrows, for plaintiff.
H. F. & James Coupe, for defendant.

ANDREWS, J. This action is brought to recover possession of a parcel of real estate situate in the city of Utica, N. Y. To justify a recovery, it is essential that the plaintiff should show that the land in question was part of lands the fee of which was taken by the state for the construction of the Chenango Canal. As evidence tending to show this fact, the map, Exhibit 1, was offered in evidence. It bore the certificate of the comptroller that he had compared the annexed copy of a part of map of the Chenango Canal with the original on file in his department, and that the same was a correct transcript therefrom and of the whole thereof. When the map was offered in evidence, it was objected to as being insufficiently proven, and no evidence of the Chenango Canal property at the point in question; as being incompetent, immaterial, and not sufficiently or properly certified. The objection was overruled, and map was received, and the defendant excepted. Subsequently one of the plaintiff's witnesses testified that he was familiar with what was called the "State Map" (plaintiff's Exhibit 1), and had been familiar with it for 30 years. Other maps were subsequently introduced in evidence, but they were all based upon Exhibit 1. At the close of the evidence, the jury, under the direction of the court, found a verdict for the plaintiff, and to this direction an exception was duly taken. If Exhibit 1 was in fact improperly received in evidence, this motion must be granted. It forms the only proof that the land in question had become the property of the state. By article 1, tit. 9, c. 9, pt. 1, Rev. St., it is provided that a manuscript map and field-notes of every canal, and of all lands belonging to the state adjacent thereto or connected therewith, shall be made. Every such map shall be compiled by the canal commissioners, who shall, for that purpose, cause all necessary surveys to be made. When prepared it shall be submitted to the canal board for its approbation, and, when so approved, shall be signed by the canal commissioners, be certified by them as correct, and be filed in the office of the comptroller. Section 6, c. 451, Laws 1837, declares that the original maps of the canals of this state, which purport to have been made and completed under and in virtue of the first article of title 9 of chapter 9 of the first part of the Revised Statutes, which said maps are now filed in the office of the comptroller, and such maps of said canals as hereafter shall be made, completed, approved, signed, certified, and filed under and in virtue of the act referred to, are hereby declared to be presumptive evidence that the lands indicated on said maps as belonging to the state have been taken and appropriated by the state as and for the canals; and a transcript from any such maps, certified as required by the act referred to, shall be of equal effect with the original. Upon the argument of this

motion a further certificate of the comptroller was presented, stating that he had compared the annexed certificate attached to map of the Chenango Canal with the one on file in his department, and that he certified the same to be a correct transcript therefrom, and of the whole thereof. Attached was a resolution of the canal board, passed October 31, 1843, approving of the map, and this resolution was signed by the canal commissioners and by the commissioners of the canal fund. The defendant objected to the consideration of this latter certificate upon the motion, but in this objection he was overruled. It has been repeatedly held that upon the argument of an appeal documentary evidence or records may be received in support of the judgment appealed from. There seems to be no reason why the same rule should not apply upon such a motion as the present. Were the motion denied, the certificate in question could be considered by the appellate court, and it would seem reasonable that the same rule should be adopted here. It appears, therefore, that Exhibit 1 was made and filed in intended compliance with the statute. The resolution of the canal board so recites. And all the requirements of the statute were literally complied with, except that there is no separate certificate of the canal commissioners to the effect that the map was correct. Just the force and meaning of this certificate is not altogether clear. The commissioners could have had no personal knowledge as to the accuracy of the surveys. The most they could say was that they had caused the work to be done; that then it had been submitted to and approved by the canal board, and signed by themselves. The requirement in question must have reference rather to the proper identification of the map than to a warranty of its correctness. But, whatever the purpose of the statute, I think it has been substantially complied with. In 1843 the canal board consisted of the canal commissioners and the commissioners of the canal fund. Laws 1826, c. 314. The statute has prescribed no form in which the certificate as to the map shall be expressed. The use of the words "certify" and "correct" are not necessary. Any words that substantially convey that meaning are enough. This has been done in the case at bar. There is a signed statement that as members of the canal board the commissioners "carefully examined" and gave "due consideration" to the map of the Chenango Canal, and that they approved the same. This is equivalent to an assertion as to its correctness. In coming to this conclusion some weight may fairly be given to the fact that the map is over 50 years old, and that, if it may not be received as evidence of the ownership by the state of the lands appropriated for the Chenango Canal, the titles of a very large number of persons to whom grants were made after the abandonment of the canal would be rendered precarious. The motion must be denied, with $10 costs to the plaintiff.

Motion denied, with $10 costs.